NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 14 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JASON ROBERT FAILLA, | No. 21-35552 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-00201-BR |
| v. | |
| MARTIN J. O'MALLEY, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 14, 2024**

Before: D. NELSON, O'SCANNLAIN, and KLEINFELD, Circuit Judges.

Jason Robert Failla appeals pro se the district court's order affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental social security income under Titles II and XVI of the

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 405(g), and we affirm.

We review de novo a district court's order affirming a denial of Social Security benefits. *Revels v. Berryhill*, 874 F.3d 648, 653–54 (9th Cir. 2017) (citing *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015)). We may reverse a denial of benefits only when the decision is "based on legal error or not supported by substantial evidence in the record." *Id.* at 654 (quoting *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

The ALJ's denial of benefits is supported by substantial evidence. The ALJ provided specific, clear, and convincing reasons to discount Failla's subjective allegations. The ALJ cited specific inconsistencies with the medical evidence, Failla's routine and conservative treatment history, his daily activity levels, and gaps in his medical treatment. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); *see also Molina v. Astrue*, 674 F.3d 1104, 1113–14 (9th Cir. 2012); *see also Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). It is well-established that an ALJ may discount a claimant's allegations when his "activities . . . are incompatible with the severity of symptoms alleged." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014).

We decline to consider the issues Failla raises for the first time on appeal. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006).

**AFFIRMED.**